1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

10
11
12

| | |
|---|---|
| NICO WORLDWIDE, INC., and NICO CONSUMER HEALTH PRODUCTS, LLC, | ) ) ) Case No.  11-CV-10709-ODW-E |
| Plaintiffs, | ) ) [~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |
| v. | ) ) |
| AMERICAN GREEN PRODUCTS, LLC; JOSEPH ROBERT KNIGHT; SIMON LU; and DOES 1-10, inclusive, | ) ) ) ) |
| Defendants. | ) ) |
| AMERICAN GREEN PRODUCTS, LLC; JOSEPH ROBERT KNIGHT; SIMON LU; and DOES 1-10, inclusive | ) ) ) ) The Honorable CHARLES F. EICK |
| Counterclaimants, | ) ) Complaint Filed:    December 27, 2011 ) Trial Date:            May 28, 2013 |
| v. | ) ) |
| NICO WORLDWIDE, INC., and NICO CONSUMER HEALTH PRODUCTS, LLC, | ) ) ) |
| Counterclaim Defendants. | ) ) |

27
28

**1.**

## PURPOSES AND LIMITATIONS

The present action involves claims of patent infringement, trade secret misappropriation, copyright infringement and unfair competition. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5.1 and General Order No. 02-14 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.**

## DEFINITIONS

**2.1   Challenging Party:** A Party or Non-Party that challenges the designation of information or items under this Order.

**2.2   "CONFIDENTIAL" Information or Items:** Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

**2.3   Counsel (without Qualifier):** Outside Counsel of Record and House Counsel (as well as their support staff).

**2.5   Designating Party:** A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as

-1-

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**2.6    Disclosure or Discovery Material:**  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.7    Expert:**  A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

**2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:**  Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**2.9    Non-Party:**  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.10    Outside Counsel of Record:**  Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.11    Party:**  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.12    Producing Party:**  A Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.13    Professional Vendors:**  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

1   demonstrations, and organizing, storing, or retrieving data in any form or medium)

2   and their employees and subcontractors.

3       **2.14   Protected Material:**  Any Disclosure or Discovery Material that is

4   designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL –

5   ATTORNEYS' EYES ONLY."

6       **2.15   Receiving Party:**  A Party that receives Disclosure or Discovery

7   Material from a Producing Party.

8                                  **3.**

9                               **SCOPE**

10      The protections conferred by this Stipulation and Order cover not only

11  Protected Material (as defined above), but also: (1) any information copied or

12  extracted from Protected Material; (2) all copies, excerpts, summaries, or

13  compilations of Protected Material; and (3) any testimony, conversations, or

14  presentations by Parties or their Counsel that might reveal Protected Material.

15  However, the protections conferred by this Stipulation and Order do not cover the

16  following information: (a) any information that is in the public domain at the time of

17  disclosure to a Receiving Party or becomes part of the public domain after its

18  disclosure to a Receiving Party as a result of publication not involving a violation of

19  this Order, including becoming part of the public record through trial or otherwise;

20  and (b) any information known to the Receiving Party prior to the disclosure or

21  obtained by the Receiving Party after the disclosure from a source who obtained the

22  information lawfully and under no obligation of confidentiality to the Designating

23  Party.  Any use of Protected Material at trial shall be governed by a separate

24  agreement or order.

25                                 **4.**

26                            **DURATION**

27      Even after final disposition of this litigation, the confidentiality obligations

28  imposed by this Order shall remain in effect until a Designating Party agrees

                                  -3-

1   otherwise in writing or a court order otherwise directs.  Final disposition shall be

2   deemed to be the later of: (1) dismissal of all claims and defenses in this action, with

3   or without prejudice; and (2) final judgment herein after the completion and

4   exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

5   including the time limits for filing any motions or applications for extension of time

6   pursuant to applicable law.

## 5.

## DESIGNATING PROTECTED MATERIAL

**5.1   Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2   Manner and Timing of Designations.** Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

-4-

1    under this Order must be clearly so designated before the material is disclosed or

2    produced.

3        Designation in conformity with this Order requires:

4        **(a)**   **For information in documentary form** (e.g., paper or electronic

5    documents, but excluding transcripts of depositions or other pretrial or trial

6    proceedings), that the Producing Party affix the legend "CONFIDENTIAL – CV11-

7    10709-OWD (Ex)" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

8    ONLY– CV11-10709-OWD (Ex)" to each page that contains protected material. If

9    only a portion or portions of the material on a page qualifies for protection, the

10    Producing Party also must clearly identify the protected portion(s) (e.g., by making

11    appropriate markings in the margins) and must specify, for each portion, the level of

12    protection being asserted.

13        A Party or Non-Party that makes original documents or materials available for

14    inspection need not designate them for protection until after the inspecting Party has

15    indicated which material it would like copied and produced.  During the inspection

16    and before the designation, all of the material made available for inspection shall be

17    deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the

18    inspecting Party has identified the documents it wants copied and produced, the

19    Producing Party must determine which documents, or portions thereof, qualify for

20    protection under this Order.  Then, before producing the specified documents, the

21    Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

22    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that

23    contains Protected Material.  If only a portion or portions of the material on a page

24    qualifies for protection, the Producing Party also must clearly identify the protected

25    portion(s) (e.g., by making appropriate markings in the margins) and must specify,

26    for each portion, the level of protection being asserted.

27        **(b)**   **For testimony given in deposition or in other pretrial or trial**

28    **proceedings**, that the Designating Party identify on the record, before the close of

1   the deposition, hearing, or other proceeding, all protected testimony and specify the

2   level of protection being asserted.  When it is impractical to identify separately each

3   portion of testimony that is entitled to protection and it appears that substantial

4   portions of the testimony may qualify for protection, the Designating Party may

5   invoke on the record (before the deposition, hearing, or other proceeding is

6   concluded) a right to have up to 21 days to identify the specific portions of the

7   testimony as to which protection is sought and to specify the level of protection

8   being asserted.  Only those portions of the testimony that are appropriately

9   designated for protection within the 21 days shall be covered by the provisions of

10  this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at

11  the deposition or up to 21 days afterwards if that period is properly invoked, that the

12  entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

13  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

14        Parties shall give the other parties notice if they reasonably expect a

15  deposition, hearing or other proceeding to include Protected Material so that the

16  other parties can ensure that only authorized individuals who have signed the

17  "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

18  proceedings.  The use of a document as an exhibit at a deposition shall not in any

19  way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

20  ATTORNEYS' EYES ONLY."

21        Transcripts containing Protected Material shall have an obvious legend on the

22  title page that the transcript contains Protected Material, and the title page shall be

23  followed by a list of all pages (including line numbers as appropriate) that have been

24  designated as Protected Material and the level of protection being asserted by the

25  Designating Party.  The Designating Party shall inform the Court reporter of these

26  requirements.  Any transcript that is prepared before the expiration of a 21-day

27  period for designation shall be treated during that period as if it had been designated

28  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)  **for information produced in some form other than documentary and for any other tangible items,** that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL– CV11-10709-OWD (Ex)" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY– CV11-10709-OWD (Ex)."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

**5.3   Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1   Timing of Challenges.**  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2   Meet and Confer.**  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a

-7-

1    challenge has been made, the written notice must recite that the challenge to

2    confidentiality is being made in accordance with this specific paragraph of the

3    Protective Order.  The parties shall attempt to resolve each challenge in good faith

4    and comply with Civil Local Rule 37-1 ("Pre-Filing Conference of Counsel").  In

5    conferring, the Challenging Party must explain the basis for its belief that the

6    confidentiality designation was not proper and must give the Designating Party an

7    opportunity to review the designated material, to reconsider the circumstances, and,

8    if no change in designation is offered, to explain the basis for the chosen designation.

9    A Challenging Party may proceed to the next stage of the challenge process only if it

10   has engaged in this meet and confer process first or establishes that the Designating

11   Party is unwilling to participate in the meet and confer process in a timely manner.

12      **6.3     Judicial Intervention**.  If the Parties cannot resolve a challenge without

13   Court intervention, the Challenging Party may file and serve a motion challenging a

14   confidentiality designation under Civil Local Rule 7 (and in compliance with Civil

15   Local Rule 79-5.1 and General Order No. 02-14) within 21 days of the initial notice

16   of challenge or within 14 days of the parties agreeing that the meet and confer

17   process will not resolve their dispute, whichever is earlier.  Each such motion must

18   be in compliance with Civil Local Rules 37-1 and 37-2 and must be accompanied by

19   a competent declaration affirming that the movant has complied with the meet and

20   confer requirements of Civil Local Rule 7-3.

21      The burden of persuasion in any such challenge proceeding shall be on the

22   Designating Party.  However, frivolous challenges and those made for an improper

23   purpose (e.g., to harass or impose unnecessary expenses and burdens on other

24   parties) may expose the Challenging Party to sanctions.  All parties shall continue to

25   afford the material in question the level of protection to which it is entitled under the

26   Producing Party's designation until the Court rules on the challenge.

27

28

STIPULATED PROTECTIVE ORDER                    Case No. 11-CV-10709-ODW-E

# 7.

## ACCESS TO AND USE OF PROTECTED MATERIAL

**7.1    Basic Principles.**  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

**7.2    Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

-9-

1   disclosure is reasonably necessary for this litigation and who have signed the

2   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3        (d)    the Court and its personnel, who need not sign the "Acknowledgment

4   and Agreement to Be Bound" (Exhibit A);

5        (e)    Court reporters and their staff, professional jury or trial consultants, and

6   Professional Vendors to whom disclosure is reasonably necessary for this litigation

7   and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

8   A);

9        (f)    during their depositions, witnesses in the action to whom disclosure is

10   reasonably necessary and who have signed the "Acknowledgment and Agreement to

11   Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered

12   by the Court.  Pages of transcribed deposition testimony or exhibits to depositions

13   that reveal Protected Material must be separately bound by the court reporter and

14   may not be disclosed to anyone except as permitted under this Stipulated Protective

15   Order.

16        (g)    the author or recipient of a document containing the information or a

17   custodian or other person who otherwise possessed or knew the information.

18        **7.3**    **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**

19   **ONLY."**  Unless otherwise ordered by the Court or permitted in writing by the

20   Designating Party, a Receiving Party may disclose any information or item

21   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

22        (a)    the Receiving Party's Outside Counsel of Record in this action, as well

23   as employees of said Outside Counsel of Record to whom it is reasonably necessary

24   to disclose the information for this litigation and who have signed the

25   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

26   A;

27        (b)    Experts of the Receiving Party: (1) to whom disclosure is reasonably

28   necessary for this litigation, (2) who have signed the "Acknowledgment and

1    Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in

2    paragraph 7.4(a)(2), below, have been followed;

3        (c)     the Court and its personnel, who need not sign the "Acknowledgment

4    and Agreement to Be Bound" (Exhibit A);

5        (d)     Court reporters and their staff, professional jury or trial consultants, and

6    Professional Vendors to whom disclosure is reasonably necessary for this litigation

7    and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

8    A); and

9        (e)     the author or recipient of a document containing the information or a

10    custodian or other person who otherwise possessed or knew the information.

11       **7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY**

12    **CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to**

13    **Experts**.

14        (a)     Unless otherwise ordered by the Court or agreed to in writing by the

15    Designating Party, a Party that seeks to disclose to an Expert (as defined in this

16    Order) any information or item that has been designated "HIGHLY

17    CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b)

18    first must make a written request to the Designating Party that (1) identifies the

19    general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

20    information that the Receiving Party seeks permission to disclose to the Expert, (2)

21    sets forth the full name of the Expert and the city and state of his or her primary

22    residence, (3) attaches a copy of the Expert's current resume, (4) identifies the

23    Expert's current employer(s), (5) identifies each person or entity from whom the

24    Expert has received compensation or funding for work in his or her areas of expertise

25    or to whom the expert has provided professional services, including in connection

26    with a litigation, at any time during the preceding five years,[2] and (6) identifies (by

27

28          [2] If the Expert believes any of this information is subject to a confidentiality
      obligation to a third-party, then the Expert should provide whatever information the

1    name and number of the case, filing date, and location of court) any litigation in

2    connection with which the Expert has offered expert testimony, including through a

3    declaration, report, or testimony at a deposition or trial, during the preceding five

4    years.

5         (b)    A Party that makes a request and provides the information specified in

6    the preceding paragraph may disclose the subject Protected Material to the identified

7    Expert unless, within seven (7) calendar days of delivering the request, the Party

8    receives a written objection from the Designating Party.  Any such objection must

9    set forth in detail the grounds on which it is based.

10        (c)    A Party that receives a timely written objection must meet and confer

11   with the Designating Party, in compliance with Civil Local Rule 37-1, to try to

12   resolve the matter by agreement within seven (7) calendar days of the written

13   objection.  If no agreement is reached, the Party seeking to make the disclosure to the

14   Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with

15   Civil Local Rule 79-5 and General Order 62, if applicable) seeking permission from

16   the Court to do so.  Any such motion must describe the circumstances with

17   specificity, set forth in detail the reasons why the disclosure to the Expert is

18   reasonably necessary, assess the risk of harm that the disclosure would entail, and

19   suggest any additional means that could be used to reduce that risk.  In addition, any

20   such motion must be accompanied by a Joint Stipulation, as provided in Civil Local

21   Rule 37-2, along with a competent declaration describing the parties' efforts to

22   resolve the matter by agreement (i.e., the extent and the content of the meet and

23   confer discussions) and setting forth the reasons advanced by the Designating Party

24   for its refusal to approve the disclosure.

25

26

27   Expert believes can be disclosed without violating any confidentiality agreements,
     and the Party seeking to disclose to the Expert shall be available to meet and confer
28   with the Designating Party regarding any such engagement.

1    In any such proceeding, the Party opposing disclosure to the Expert shall bear

2    the burden of proving that the risk of harm that the disclosure would entail (under the

3    safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

4    Material to its Expert.

5                                              **8.**

6                          **PROTECTED MATERIAL SUBPOENAED**

7                     **OR ORDERED PRODUCED IN OTHER LITIGATION**

8    If a Party is served with a subpoena or a court order issued in other litigation

9    that compels disclosure of any information or items designated in this action as

10   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

11   ONLY" that Party must:

12   (a)    Promptly notify in writing the Designating Party.  Such notification

13   shall include a copy of the subpoena or court order;

14   (b)    Promptly notify in writing the party who caused the subpoena or order

15   to issue in the other litigation that some or all of the material covered by the

16   subpoena or order is subject to this Protective Order.  Such notification shall include

17   a copy of this Stipulated Protective Order; and

18   (c)    Cooperate with respect to all reasonable procedures sought to be

19   pursued by the Designating Party whose Protected Material may be affected.

20   If the Designating Party timely seeks a protective order, the Party served with

21   the subpoena or court order shall not produce any information designated in this

22   action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

23   EYES ONLY" before a determination by the Court from which the subpoena or

24   order issued, unless the Party has obtained the Designating Party's permission.  The

25   Designating Party shall bear the burden and expense of seeking protection in that

26   court of its confidential material – and nothing in these provisions should be

27   construed as authorizing a Receiving Party in this action to disobey a lawful

28   subpoena issued in another action.

**9.**

## A NON-PARTY'S PROTECTED MATERIAL
## SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination

-14-

1    by the Court.  Absent a court order to the contrary, the Non-Party shall bear the

2    burden and expense of seeking protection in this Court of its Protected Material.

3                                           **10.**

4              **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

5         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

6    Protected Material to any person or in any circumstance not authorized under this

7    Stipulated Protective Order, the Receiving Party must immediately: (a) notify in

8    writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

9    to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

10   persons to whom unauthorized disclosures were made of all the terms of this Order,

11   and (d) request such person or persons to execute the "Acknowledgment and

12   Agreement to Be Bound" that is attached hereto as Exhibit A.

13                                          **11.**

14              **INADVERTENT PRODUCTION OF PRIVILEGED**

15               **OR OTHERWISE PROTECTED MATERIAL**

16        If information is produced in discovery that is subject to a claim of privilege or

17   of protection as trial-preparation material, the party making the claim may notify any

18   party that received the information of the claim and the basis for it.  After being

19   notified, a party must promptly return or destroy the specified information and any

20   copies it has and may not sequester, use or disclose the information until the claim is

21   resolved.  This includes a restriction against presenting the information to the court

22   for a determination of the claim.

23        When a Producing Party gives notice to Receiving Parties that certain

24   inadvertently produced material is subject to a claim of privilege or other protection,

25   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

26   Procedure 26(b)(5)(B).  However, a Receiving Party who receives such notice may

27   not use, in any way, the document(s) claimed to be privileged or otherwise protected

28   from disclosure pending resolution of a challenge to the claim of privilege or other

                                          -15-

1  protection.

2      This provision is not intended to modify whatever procedure may be

3  established in an e-discovery order that provides for production without prior

4  privilege review.

5  ## 12.

6  ## MISCELLANEOUS

7      **12.1   Right to Further Relief.** Nothing in this Order abridges the right of

8  any person to seek its modification by the Court in the future.

9      **12.2   Modifications Require Court Approval.** No modification of this

10  Order shall have the force or effect of a court order unless the Court approves the

11  medication.

12      **12.3   Right to Assert Other Objections.** By stipulating to the entry of this

13  Protective Order no Party waives any right it otherwise would have to object to

14  disclosing or producing any information or item on any ground not addressed in this

15  Stipulated Protective Order.  Similarly, no Party waives any right to object on any

16  ground to use in evidence of any of the material covered by this Protective Order.

17      **12.4   Filing Protected Material.** Without written permission from the

18  Designating Party or a court order secured after appropriate notice to all interested

19  persons, a Party may not file in the public record in this action any Protected

20  Material.  A Party that seeks to file under seal any Protected Material must comply

21  with Civil Local Rule 79-5.1 and General Order No. 02-14.  The proposed filing

22  shall be accompanied by an application to file the papers (or the portion thereof

23  containing the Protected Material, if such portion is segregable) under seal.  The

24  application shall be directed to the judge to whom the papers are directed.  For such

25  motions, the parties shall also file a redacted version of the motion and supporting

26  papers.  Protected Material may only be filed under seal pursuant to a court order

27  authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil

28  Local Rule 79-5.1 and General Order No. 02-14, a sealing order will issue only upon

1    a request establishing that the Protected Material at issue is privileged, protectable as

2    a trade secret, or otherwise entitled to protection under the law.  If a Receiving

3    Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-

4    5.1 and General Order No. 02-14 is denied by the Court, then the Receiving Party

5    may file the Protected Material in the public record pursuant to Civil Local Rule 79-

6    5.1 unless otherwise instructed by the Court.

7                                            **13.**

8                                 **FINAL DISPOSITION**

9         Within 60 days after the final disposition of this action, as defined in

10   paragraph 4, each Receiving Party must return all Protected Material to the

11   Producing Party or destroy such material. As used in this subdivision, "all Protected

12   Material" includes all copies, abstracts, compilations, summaries, and any other

13   format reproducing or capturing any of the Protected Material. Whether the

14   Protected Material is returned or destroyed, the Receiving Party must submit a

15   written certification to the Producing Party (and, if not the same person or entity, to

16   the Designating Party) by the 60-day deadline that (1) identifies (by category, where

17   appropriate) all the Protected Material that was returned or destroyed and (2) affirms

18   that the Receiving Party has not retained any copies, abstracts, compilations,

19   summaries or any other format reproducing or capturing any of the Protected

20   Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

21   copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

22   memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

23   work product, and consultant and expert work product, even if such materials contain

24   ///

25   ///

26

27

28

1    Protected Material.  Any such archival copies that contain or constitute Protected

2    Material remain subject to this Protective Order as set forth in Section 4.

3

4              **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

5    DATED: June 4, 2012              LAPPLE IP LAW, P.C.

6

7                                     By:    /s/ Matthew C. Lapple

8                                            Matthew C. Lapple

9                                     Attorneys for Plaintiffs NICO WORLDWIDE,
                                      INC., and NICO CONSUMER HEALTH
10                                    PRODUCTS, LLC

11   DATED: June 4, 2012              LAW OFFICES OF JOEL BENNETT

12

13                                    By:    /s/ Joel R. Bennett

14                                           Joel R. Bennett

15                                    Attorneys for Defendants AMERICAN
                                      GREEN PRODUCTS, LLC, JOSEPH
16                                    ROBERT KNIGHT, and SIMON LU

17         **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

18

19   DATED: _6/5_ , 2012

20                                    THE HONORABLE CHARLES F. EICK
                                      UNITED STATES MAGISTRATE JUDGE
21

22                                    4823-1499-3167, v. 1

23

24

25

26

27

28

                                    -18-
                         STIPULATED PROTECTIVE ORDER        Case No. 11-CV-10709-ODW-E